**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE OCTAVIO CERVANTES-VASQUEZ,

          Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

          Respondent.

No.   15-70841

Agency No. A200-245-317

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019**

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Jose Octavio Cervantes-Vasquez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

       \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

We reject Cervantes-Velasquez's contentions as to streamlining because the BIA did not streamline his case.

Substantial evidence supports the agency's determination that Cervantes-Vasquez failed to establish that the one incident of past harm rose to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (persecution is an "extreme concept" that includes the "infliction of suffering or harm"). Substantial evidence supports the agency's determination that Cervantes-Vasquez failed to demonstrate a nexus between the harm he fears in Mexico and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Cervantes-Vasquez's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Cervantes-Vasquez failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to

Mexico.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no

likelihood of torture established).

**PETITION FOR REVIEW DENIED.**